UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
David Stein (DS 2119)
Michael Samuel (MS 7997)
38 West 32nd Street
Suite 1210
New York, New York 10001
(212) 563-9884

**BERGER & ASSOCIATES**
Bradley Ian Berger (BB 1127)
321 Broadway
New York, New York 10007
(212) 571-1900

Attorneys for Plaintiff
Javier Ramirez

IRIZARRY, J.

POLLAK, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
FEB 09 2009 ★
BROOKLYN OFFICE

09-568

| | |
|---|---|
| Javier Ramirez,<br><br>            Plaintiff,<br><br>     - vs. -<br><br>Call-A-Head Corp. and Charles Howard,<br><br>            Defendants. | INDEX NO. 09-CV-_____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Javier Ramirez, by and through his undersigned attorneys, for his complaint against defendants Call-A-Head Corp. and Charles Howard, alleges as follows:

## **THE PARTIES**

1. Plaintiff Mr. Ramirez is an adult individual residing at 76-03 85th Road, Woodhaven, New York.

2. Plaintiff Mr. Ramirez consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); Mr. Ramirez's written consent is attached hereto and incorporated by reference.

3. Upon information and belief, defendant Call-A-Head Corp. ("Call-A-Head") is a New York corporation with a principal place of business at 304 Crossbay Blvd, Broad Channel, New York.

4. At all relevant times, defendant Call-A-Head has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

5. Upon information and belief, at all relevant times, defendant Call-A-Head has had gross revenues in excess of $500,000.00 and uses goods produced in interstate commerce.

6. Upon information and belief, at all relevant times, defendant Call-A-Head has constituted an "enterprise" as defined in the FLSA.

7. Upon information and belief, defendant Charles Howard is an owner or part owner and principal of Call-A-Head, and has the power to hire and fire employees, set wages and schedules, and retain their records.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Ramirez's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Mr. Ramirez's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## FACTS

10. At all relevant times herein, defendants owned and operated a company providing portable restroom rental service in New York.

11. From approximately October 25, 2007 until May 12, 2008, and then again from approximately August 20, 2008 until September 23, 2008, Mr. Ramirez was employed by defendants to clean out the portable restrooms at the defendants' clients' job sites.

12. Mr. Ramirez's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and does not involve executive responsibilities.

13. Mr. Ramirez worked twelve to fourteen hours per day, four days per week, for a total of approximately 48-56 hours per week.

14. Although Mr. Ramirez was required to clock in and out each day, defendants failed to credit Mr. Ramirez for the hours he worked.

15. Instead, Mr. Ramirez's paystubs automatically listed 40 hours per week worked, regardless of the number of hours Mr. Ramirez actually worked.

16. No matter how many hours Mr. Ramirez worked in a week, he was paid a flat amount of $1000 per week; however, if Mr. Ramirez took a day off, he was docked pay.

17. Defendants willfully failed to pay Mr. Ramirez the overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

18. Upon information and belief, while defendants employed Mr. Ramirez throughout all relevant time periods,

defendants failed to maintain accurate and sufficient time records.

## COUNT I

### (Fair Labor Standards Act - Overtime)

19. Mr. Ramirez repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

20. At all relevant times, defendants employed Mr. Ramirez within the meaning of the FLSA.

21. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to Mr. Ramirez for hours he worked in excess of forty hours per workweek.

22. As a result of defendants' willful failure to compensate Mr. Ramirez at a rate not less that one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

23. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

24. Due to defendants' FLSA violations, Mr. Ramirez is entitled to recover from defendants her unpaid overtime

compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### COUNT II

#### (New York Labor Law - Overtime)

25. Mr. Ramirez repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

26. At all relevant times, Mr. Ramirez was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

27. Defendants willfully violated Mr. Ramirez's rights by failing to pay him overtime compensation at rates not less than one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R § 137.

28. Defendants' failure to pay overtime was willful within the meaning of New York Labor Law § 663 and supporting regulations.

29. Defendants' New York Labor Law violations have caused Mr. Ramirez irreparable harm for which there is no adequate remedy at law.

30. Due to defendants' New York Labor Law violations, Mr. Ramirez is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

### COUNT III

### (New York Labor Law – Spread of Hours)

31. Mr. Ramirez repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

32. At all relevant times, Mr. Ramirez was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

33. Defendants willfully violated Mr. Ramirez's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked more than ten hours, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R § 137-1.7.

34. Defendants' failure to pay overtime was willful within the meaning of New York Labor Law § 663 and supporting regulations.

35. Defendants' New York Labor Law violations have caused Mr. Ramirez irreparable harm for which there is no adequate remedy at law.

36. Due to defendants' New York Labor Law violations, Mr. Ramirez is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Ramirez respectfully requests that this Court grant the following relief:

    a. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

    b. An award of liquidated damages as a result of defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and New York Labor Law;

    c. An award of compensatory damages as a result of defendants' willful failure to pay the "spread of hours" premium pursuant to New York Labor Law;

    d. Back pay;

e.  Punitive damages;

f.  An award of prejudgment and postjudgment interest;

g.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h.  Such other, further, and different relief as this Court deems just and proper.

Dated:   February 5, 2009

_[signature]_

David Stein (DS 2119)
Michael Samuel (MS 7997)
SAMUEL & STEIN
38 West 32nd Street
Suite 1210
New York, New York 10001
(212) 563-9884

/s/ Bradley Berger
Bradley Ian Berger (BB 1127)
BERGER & ASSOCIATES
321 Broadway
New York, New York 10007
(212) 571-1900

Attorneys for Plaintiff
Javier Ramirez

9

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed.R.Civ.P. 38 (b), plaintiff Mr. Ramirez demands a trial by jury on all questions of fact raised by this complaint.

Dated:   February 5, 2009

/s/ David Stein
_____
David Stein (DS 2119)
Michael Samuel (MS 7997)
SAMUEL & STEIN
38 West 32nd Street
Suite 1210
New York, New York 10001
(212) 563-9884


/s/ Bradley Berger
_____
Bradley Ian Berger (BB 1127)
BERGER & ASSOCIATES
321 Broadway
New York, New York 10007
(212) 571-1900


Attorneys for Plaintiff
Javier Ramirez

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Call-A-Head Corp. to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I have been provided with a copy of a retainer agreement with the law firms of Samuel & Stein and Berger & Associates, and I agree to be bound by its terms.

_____
Javier Ramirez

Date: October 24, 2008